IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GILBERTO RUELAS, JR.                                                                            PLAINTIFF

v.                          Civil No. 5:24-cv-05129-TLB-CDC

CHIEF OF POLICE JONATHAN BEST                                                       DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.     DISCUSSION

When he filed this case, Plaintiff was specifically advised (ECF No. 4) that he was required to immediately inform the Court of any change of address. If Plaintiff was transferred or released, he was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address."

By Order entered on June 25, 2024, this case was severed from 5:24-cv-05064. (ECF No. 5). Plaintiff was directed to file an Amended Complaint by July 23, 2024. Plaintiff failed to file the Amended Complaint and a Show Cause Order was entered giving Plaintiff until August 21, 2024, to submit his Amended Complaint. (ECF No. 8). Because mail had been returned as

undeliverable in several of Plaintiff's other pending civil cases and to ensure procedural fairness, a second Show Cause Order was entered on August 26, 2024. (ECF No. 9). Plaintiff was given until September 16, 2024, to respond.

On October 3, 2024, contrary to the Court's instructions, Plaintiff notified the Court of his change of address by e-mail addressed to the undersigned. In response, Plaintiff's address was changed on the docket sheet. Further, a member of the Court's staff replied to the e-mail notifying Plaintiff of the correct way to submit a change of address and updating him on the status of each of his cases. With respect to this case, Plaintiff was advised he had failed to file his Amended Complaint and he had failed to respond to a Show Cause Order. The following day, due to Plaintiff's change of address, an Order was entered giving Plaintiff until October 22, 2024, to respond to the Court's Orders. (ECF No. 10).

To date, Plaintiff has not submitted his Amended Complaint or responded to the Show Cause Orders. Plaintiff has not requested additional time to respond to the Courts' Orders. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders. (ECF Nos. 5, 8, 9 & 10). In each Order, Plaintiff was advised that failure to respond would result in the dismissal of the case.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action

diligently.

## II.     CONCLUSION

For these reasons, it is recommended that pursuant to Rule 41(b), the Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).  Fed. R. Civ. P. 41(b).

**Status of Referral:**  **The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 30th day of October 2024.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

3